IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JEFF MEIJERS, | ) | 4:12CV3248 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| PEOPLE'S HEALTH CENTER, and | ) | |
| REDDY, Dentist, employee, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on December 14, 2012. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

I.     SUMMARY OF COMPLAINT

Plaintiff filed his Complaint against the People's Health Center and "Dentist Reddy." (Filing No. 1.) Plaintiff asserts that the People's Health Center is "federally funded." (Id. at CM/ECF p. 5.) Plaintiff, a nonprisoner, currently resides in Lincoln, Nebraska. (Id.)

Condensed and summarized, Plaintiff alleges that on December 14, 2010, Reddy sprayed a "large amount of water into [his] lungs" during a dental procedure. (Id. at CM/ECF p. 9.) The water caused Plaintiff to cough violently, which "shredded" his "aortic hart valve." (Id.) Plaintiff, who never had any previous problems with his heart or lungs, ended up having his right lung drained and his aortic valve replaced. (Id. at CM/ECF pp. 9-11.) Plaintiff seeks $47,000.00 for medical expenses "not covered by medicare or charity" and $900,000.00 for pain and suffering. (Id. at CM/ECF p. 5.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III. DISCUSSION OF CLAIMS

Liberally construed, Plaintiff asserts claims and seeks relief pursuant to state tort law, such as claims for medical negligence or malpractice. (Filing No. 1.) However, Plaintiff also alleges that the People's Heath Center is "federally funded." (*Id.*)

It appears that the People's Health Center is a federally qualified health center (FQHC), a designation from the Bureau of Primary Health Care of the United States

2

Department of Health and Human Services. *See People's Health Center,* http://www.phclincoln.org/about_us.php (click on "About Us" and "Mission Statement"). It also appears that the Federally Supported Health Centers Assistance Act of 1992 and 1995 granted medical malpractice liability protection through the Federal Tort Claims Act (FTCA) to designated health centers like the defendant. *See U.S. Department of Health and Human Services, Health Resources and Services Administration, [HRSA] Primary Care: The Health Center Program* http://bphc.hrsa.gov/ (click on "Home" and scroll down to notice regarding "Federal Tort Claims Act (FTCA)").

The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–2680, provides the exclusive remedy for medical malpractice by a federally funded health center[1] and its officers, employees, and contractors that the Secretary of Health and Human Services has deemed to be an employee of the Public Health Service.[2] 42 U.S.C. § 233(g)(1)(A). Under the FTCA, an "action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death" unless the claimant has first exhausted administrative remedies. 28 U.S.C. § 2675(a) (requiring presentment of the claim to the appropriate federal agency and the agency's final denial of the claim). Conformity with § 2675(a)

---

[1]A "health center" is "an entity that serves a population that is medically underserved, or a special medically underserved population comprised of migratory and seasonal agricultural workers, the homeless, and residents of public housing, by providing . . . required primary health services . . . for all residents of the area served by the center." 42 U.S.C. § 254b(a)(1); *see also* 42 U.S.C. § 233(g)(4).

[2]"Once the Secretary makes a determination that an entity or an officer, governing board member, employee, or contractor of an entity is deemed to be an employee of the Public Health Service for purposes of this section, the determination shall be final and binding upon the Secretary and the Attorney General and other parties to any civil action or proceeding." 42 U.S.C. § 233(g)(1)(F).

3

is a jurisdictional term of the FTCA's limited waiver of sovereign immunity. *Mader v. United States*, 654 F.3d 794, 808 (8th Cir. 2011).

      Here, it is unclear from Plaintiff's Complaint whether he presented his claims to the appropriate federal agency or whether the agency denied his claim. Accordingly, Plaintiff has failed to allege sufficient facts to establish this court's subject matter jurisdiction. However, on the court's own motion, Plaintiff shall have until April 15, 2013, to file an amended complaint that sufficiently establishes this court's jurisdiction in accordance with § 2675(a). If Plaintiff elects to file an amended complaint, it shall restate the allegations of Plaintiff's current Complaint (filing no. 1), and any new allegations. Failure to consolidate all claims into one document will result in the abandonment of claims. If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, Plaintiff's claims against Defendants will be dismissed without prejudice without further notice.

      IT IS THEREFORE ORDERED that:

      1.    Plaintiff shall have until April 15, 2013, to amend his Complaint and clearly establish this court's subject matter jurisdiction. If Plaintiff fails to file an amended complaint, Plaintiff's claims against Defendants will be dismissed without further notice for failure to state a claim upon which relief may be granted.

      2.    In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint (filing no. 1) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

4

3. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on April 15, 2013.

4. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

DATED this 12th day of March, 2013.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.